UNITED STATES DISTRICT COURT
FOR THE SOUTHEN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| TEODORA CORNELIO NAVARRETE, by her next friend and daughter, SARAI CATALINA NAVARRETE,<br><br>   Petitioner,<br><br>   v.<br><br>DAVID KLUEMPER, Supervisory Detention and Deportation Officer, United States Immigration and Customs Enforcement; JOHN RIFE, Field Office Director, Philadelphia Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Acting United States Attorney General, *in their official capacities*,<br><br>   Respondents. | Civ. Act. No.: 3:26-cv-00244<br>Hon. Robert C. Chambers<br><br><br>ORDER TO SHOW CAUSE |

**ORDER TO SHOW CAUSE AND TEMPORARILY ENJOINING TRANSFER
OF PETITIONER PENDING DISPOSITION OF PETITION**

Upon consideration of Petitioner's Verified Petition for a Writ of Habeas Corpus (Dkt.

No. 1), IT IS HEREBY ORDERED that:

1.     Respondents shall file a return on the Order to Show Cause why the Petition for

Writ of Habeas Corpus should not be granted by Monday, April 6 at 8:30 A.M.

2.     Petitioners shall have an opportunity to file a reply by Monday, April 6, at 5:00

P.M.

3.     This matter shall be heard by this Court on Tuesday, April 7 at 1:30 P.M.

1

4.      Upon receipt of service of the Petition and this Order, Respondents shall IMMEDIATELY investigate the circumstances of Petitioner's detention and shall IMMEDIATELY RELEASE Petitioner to the extent Respondents do not have a good-faith basis to assert that they will present arguments in this case that have not already been considered and rejected by this Court. Respondents are expressly notified that failure to comply with this Order shall subject them to potential sanctions including contempt.

5.      Respondents shall not remove or facilitate the removal of Petitioner and/or her property from the Southern District of West Virginia pending further order of the Court. To the extent Petitioner has already been removed from this jurisdiction but has not already been booked into another detention facility, Petitioner shall be returned to the Southern District of West Virginia **FORTHWITH, IMMEDIATELY, AND IN NO EVENT LATER THAN FRIDAY, APRIL 3.** To the extent Petitioner has already been removed from this jurisdiction and booked into another detention facility, Petitioner shall not be transferred again or removed pending further order of the Court, and Respondents shall **FORTHWITH, IMMEDIATELY, AND IN NO EVENT LATER THAN FRIDAY, APRIL 3** afford Petitioner a reasonable opportunity to confidentially consult with counsel, and shall take all necessary steps to facilitate such communication.

6.      Upon receipt of this Order, Respondents shall promptly ensure that all of Petitioner's property seized incident to detention, including any vehicle(s), is accounted for and that all such property can be immediately made available to Petitioner in the event Petitioner is released. To the extent Petitioner's property has already been removed from this jurisdiction, Respondents shall take all necessary steps to ensure that said property can be immediately made available to Petitioner **at the time of her release** in the event Petitioner is released.

7.    Service of this Order shall be made by Petitioner on the United States Attorney for the Southern District of West Virginia by 2:00 P.M. on Friday, April 3, and shall constitute good and sufficient service on Respondents.

Entered: April 3, 2026

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

3