**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

TEODORA CORNELIO NAVARRETE,

        Petitioner,

v.                                  CIVIL ACTION NO. 3:26-0244

DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
in their official capacities,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Teodora Cornelio Navarrete's Verified Amended Petition for Writ of Habeas Corpus. *Am. Pet.*, ECF No. 12 (*Pet.*, ECF No. 1). Respondents ("the Government") include David Kluemper, Supervisory Detention and Deportation Officer, United States Immigration and Customs Enforcement (ICE); John Rife, Field Office Director, Philadelphia Field Office, ICE; Todd M. Lyons, Acting Director, ICE; Markwayne Mullin, Secretary of Homeland Security; Todd Blanche, Acting United States Attorney General.

For the following reasons, the Amended Petition is **GRANTED**.

The Court granted Petitioner's Expedited Motion for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petitioner Pending Disposition of Petitioner and entered an Order to Show Cause on April 3, 2026. *Expedited Mot.*, ECF No. 4, *O.S.C.*, ECF No. 5.  The Order directed the Government to file a response on the morning of April 6, 2026, indicating why the Petition should not be granted. *O.S.C.* 1. The Order further directed the Government to immediately investigate the circumstances of Petitioner's detention and release her to the extent they did not have a good faith basis to assert that they will present arguments not previously considered and rejected by this Court. *O.S.C.* 2. The Government filed a Response on April 6, 2026, objecting to the Court's Order to Show Cause and providing notice that the Petitioner was released on April 3, 2026, at 4:00 PM. Upon parties' agreement, the Show Cause Hearing scheduled for April 7, 2026, was cancelled. Petitioner filed an Amended Petition on April 7, 2026, to which the Government did not request an opportunity to respond, as the content is substantially similar to the initial Petition.

The Government contends the Court's Order precluded the assertion of arguments for fear of being held in contempt. *Gov't's Resp. and Obj*. 5–6, ECF No. 8. The Government argues it "should have been given the opportunity to respond to the petition even if that response only included arguments previously represented and rejected by the Court in prior cases with different Petitioners." *Gov't's Resp. and Obj*. 6. On evaluation of the Petition, it appears that the applicant is entitled to relief. *See* 28 U.S.C. § 2243. For this reason, the Court ordered appropriate relief contingent upon the Government's lack of good faith belief in the presentation of new arguments.

The Government made the following substantive arguments within its Response.

The Government argues 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g) strip the Court of Jurisdiction and that Petitioner "as an alien present without admission in 8 U.S.C. § 1229a removal

proceedings, is an applicant for admission and an alien seeking admission and is therefore subject to detention under 8 U.S.C. § 1225(b)(2)(A) and ineligible for a bond redetermination hearing before an IJ." *Gov't's Resp. and Obj.* 8, 10, 12, 17. The Government acknowledges that this Court and others within this district have heard and rejected the same legal arguments. *Id.* at 4 n.4. The Court is not reviewing a final order of removal, and contrary to the Government's argument, the decision to detain Petitioner did not stem from the decision to commence removal proceedings;[1] rather, the commencement of removal proceedings followed Petitioner's arrest and detention. Thus, the Court has jurisdiction.

In evaluating authority for detention, the Government indicates it was not permitted to assert the following arguments in fear of being held in contempt: (1) new legal authority in the Eight Circuit's opinion in *Avila v. Bondi, et al*, No. 25-3248, 2026 WL 819258 (8th Cir. March 25, 2026) and (2) that the driver of the petitioner at the time of arrest, who was also arrested, was subject to a final removal order which provided cause for further investigation as to whether the petitioner was also subject to a final removal order.

The Court agrees with Petitioner that the Government had the time to investigate the status of the Petitioner until her release at 4:00 PM on the day of her arrest and did not discover that she was subject to a final order of removal. *Reply* 3 n.2, ECF No. 10. Additionally, as the Government states, while the recent *Avila* decision reaches the opposite conclusion, this Court has rejected the Fifth Circuit's similar statutory interpretation in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). *Gov't's Resp. and Obj.* 7 n.5. Neither case is binding. This Court is not alone in finding the dissenting opinions in both *Buenrostro-Mendez* and *Avila* to be more persuasive in addressing statutory interpretation and historical practice. The Court continues to conclude that

---

[1] *Gov't's Resp. and Obj.* 8–9.

Section 1226(a) governs detention of undocumented individuals residing in the United States and within the United States when apprehended and arrested.[2]

Petitioner was arrested within the interior of the United States, in Hurricane, West Virginia, on the morning of April 3, 2026. *Pet.* ¶ 16; *Am. Pet.* ¶ 14. The car she was a passenger within was stopped purportedly for "failure to maintain lane."[3] *Gov't's Resp. and Obj.* 2; *Gov't's Ex. A*, ECF No. 8-1, at 3. After immigration officers were dispatched to help with a "language barrier," a record search revealed the driver was subject to a final order of removal. *Gov't's Resp. and Obj.* 7; *Gov't's Ex. A* at 3. Petitioner was taken into custody upon belief that she entered the United States without inspection or permission and lacked immigration documents. *Gov't's Ex. A* at 3. The Government did not produce a warrant issued for her arrest prior to her arrest.

Petitioner claims that "no immigration officer or decisionmaker has determined that physical confinement is justified by a legitimate governmental purpose in Petitioner's case." *Pet.* ¶ 18; *Am. Pet.* ¶ 17. Further, Petitioner states that, "[a]bsent judicial intervention, Petitioner will remain detained without an opportunity to contest whether his continued confinement is lawful, necessary, or justified." *Pet.* ¶ 19; *Am. Pet.* ¶ 18. The Court agrees. *See Decl. of Jose Artieda,* Pet's Ex. A, ECF No. 12-1; *Aff. of Lawrence O. Burman*, Pet'r's Ex. B, ECF No. 12-2. The Government presents no argument that Petitioner poses a risk of nonappearance or danger to the community. The Government disagrees, without providing support, with Petitioner's contention that she was

---

[2] Contrary to mandatory detention under Section 1225, Section 1226, in part, provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under the discretionary detention of Section 1226(a), undocumented individuals "receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 287 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

[3] Petitioner's Reply indicated Petitioner's intention to amend the Petition to add the driver of the car, however, in the Amended Petition, Petitioner does not ultimately add a co-petitioner. *Reply* 1 n.1; *Am. Pet.* 2 n.1.

not afforded an individualized custody determination, at the same time arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. *Gov't's Resp. and Obj*. 8, 12, 17. Petitioner's detention is governed by 8 U.S.C. § 1226(a) not 8 U.S.C. § 1225(b)(2),[4] and Petitioner's due process rights have been violated. Petitioner established her detention is unlawful and that release is the appropriate relief.[5]

Accordingly, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus. ECF No. 12. Appropriate relief has already been achieved as the Government released Petitioner on Friday, April 3, 2026. The Court **ORDERS** that the Respondents be **PROHIBITED**

---

[4] The brevity of the present Order is a result of this Court's prior consideration and rejection of, what the Government concedes are, the same legal arguments presented here. *Gov't's Resp. and Obj*. 4 n.4, 9 n.6. *See Simanca Gonzalez v. Aldridge,* No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026). Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, No. 2:26-cv-00057, 2026 WL 357872, at *14 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Because Petitioners were already present in the United States when detained, they were not 'seeking admission,' and § 1225(b)(2)(A) therefore does not apply."); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a border and have lived and formed connections through their lengthy residence in the United States."). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

[5] Ordering a bond hearing would be futile given the reports of systematic denial of bond. *Briceno Solano*, 2026 WL 311624, at *20; *Decl. of Jose Artieda* 3, Pet'r's Ex. A; *Aff. of Lawrence O. Burman* 2, Pet'r's Ex. B.

from re-arresting and detaining the Petitioner in civil confinement pending further order of this

Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel

of record and any unrepresented parties.

ENTER:        April 8, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE